Pearson, J.
 

 This was a cáse for an injury to land and a crop of corn. The plaintiff has owned and been in the possession of the land, ever since the year 1822. Before thát time, á dam was constructed on the land of one Welch, which was situated above and adjoined the land of the plaintiff. The effect of the dam was to protect the land of the plaintiff from sudden inundations in heavy falls of rain, by ponding the water, until it could be drain* ed off by ditches leading from the pond through the plaintiff’s land to a swamp below. The plaintiff had been ill the uninterrupted enjoyment of the benefit of this protection of his land from the year 1822 up to 1848, when the defendant cut through the dam, and a large body of water, thenéollected from recent falls of rain, passed through on the plaintiff’s land, overflowed his ditches, flooded his land and injured his crop of corn. For this injury to his | land and corn, the action is brought. .The case does riot I state, by whom the dam was constructed, or for what
 
 j
 
 purpose.
 

 
 *85
 
 The Court instructed the jury, that, if the plaintiff had been in the uninterrupted enjoyment of the benefit of this protection afforded by the dam and the ditches to his land, for more than twenty years, he had acquired such a right or easement, in the dam, as to entitle him. to recover, Tq this the defendant excepts.
 

 The exception is well founded : for the doctrine of the presumption of grants to easements from long possession, has no application to this case.
 

 When one continues in the uninterrupted possession of land for thirty years or enjoys .the use of a franchise for twenty years, a grant is presumed. So, if one erects a dam and ponds back water upon the land of another, and is allowed to keep it there, for twenty years, a grant of the easement or privilege of doing so is presumed ; and so in many similar cases. But to make this doctrine applicable, two things are necessary. There must be a thing!;, capable of being granted : and there must be an adverse v possession or assertion of right: so as to expose the party I to an action, unless he had a grant; for, it is the fact of ' his being thus exposed to an action and the neglect of the * opposite party to bring suit, that is seized upon, as the ground for presuming a grant, in favor of long possession and enjoyment, upon the idea that this adverse state of ' things would not have been submitted to, if there had not / been a grant.
 

 Where one erects a dam on his ow.n land, and another, who owns land belovy, incidentally derives a benefit, by availing himself of the protection, which the dam enables him, by means of ditches, to give to his land, which is our case, neither of these essential® for presuming a grant has an existence.
 

 There is nothing capable of being granted ; for the one has a right to cut ditches and to protect his land, and therefore cannot acquire such right by a grant, for he ,has it
 
 *86
 
 already, and the other cannot grant it, for he has not got it to
 
 give.
 

 There is no adverse possession or assertion of right, so as to expose the party to an action. The owner of the dam can make no objection ; his rights are not interfered with ; and the owner of the land below can acquire no new right by simply doing what every body admits he has a perfect right to do, and what no body has any right to oppose.
 

 We think his Honor erred, in holding that the plaintiff had by his long enjoyment acquired an easement or right to have the dam kept up, which is the ground upon which the case was put, in reference to which the damage was found and to which the defendant excepted. We do not feel called upon to decide any other point.
 

 Pee Cuemm. Judgment reversed and
 
 venire de novo.